IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


GREGORY SCOTT WILSON,       )
                                        )
                Plaintiff,       )
                                          )
          v.             )    No. 09 C 3956
                                          )
PARTHA GHOSH and MARCUS     )
HARDY, Warden,              )
                                          )
             Defendants.     )


# <u>OPINION AND ORDER</u>


       Plaintiff Gregory Scott Wilson is incarcerated at Stateville Correctional

Center.  Defendant Partha Ghosh, M.D. is sued in his individual capacity.  Ghosh

is the former Medical Director at Stateville, having retired on March 31, 2011.

Plaintiff alleges that defendant acted with deliberate indifference to his serious

medical needs.  Plaintiff's remaining contention is that defendant failed to provide

a shoe lift for his right leg, which is 2.5 inches shorter than his left leg.  Defendant

moves for summary judgment dismissing the remaining claim.

Also named as a defendant in his official capacity only is Marcus Hardy, the Warden of Stateville. In both the original and amended complaints, plaintiff focused on getting a second opinion regarding surgery on his leg and possible further treatment. In January 2010, Hardy was added as a defendant in the Amended Complaint in order to assert an official capacity claim for injunctive relief to obtain the second opinion. After the close of discovery, plaintiff clarified that his claim is limited to seeking the lift for his left shoe which he contends has still not been provided. Whether plaintiff presently seeks related injunctive relief as against Hardy in his official capacity has not been stated. (Ghosh would not be an appropriate defendant for such relief since Ghosh no longer works at Stateville.) There is no appearance by Hardy which is consistent with there being no indication that Hardy was ever served. Hardy will be dismissed from this case without

prejudice for failure to timely serve. *See* Fed. R. Civ. P. 12(m).[1] Claims for

injunctive relief will be dismissed without prejudice.

On a motion for summary judgment, the entire record is considered with

all reasonable inferences drawn in favor of the nonmovant and all factual disputes

resolved in favor of the nonmovant. ***Crawford v. Metro. Gov't of Nashville &***

***Davidson Cnty., Tenn.***, 555 U.S. 271, 274 n.1 (2009); ***Malen v. MTD Prods., Inc.***,

628 F.3d 296, 303 (7th Cir. 2010); ***Stokes v. Bd. of Educ. of City of Chicago***,

599 F.3d 617, 619 (7th Cir. 2010). The burden of establishing a lack of any

genuine issue of material fact rests on the movant. ***Ponsetti v. GE Pension Plan***,

614 F.3d 684, 691 (7th Cir. 2010); ***Outlaw v. Newkirk***, 259 F.3d 833, 837 (7th Cir.

2001). The nonmovant, however, must make a showing sufficient to establish any

---

[1]Plaintiff is entitled to notice prior to *sua sponte* dismissal. *See* Fed. R. Civ. P. 12(m). If plaintiff believes there is good reason not to dismiss Hardy for lack of service, he may move for reconsideration within the time period permitted by Fed. R. Civ. P. 59(e). That is sufficient notice and avoids any prejudice to plaintiff from not receiving earlier notice. *See* Fed. R. Civ. P. 61; ***In re Bartle***, 560 F.3d 724, 730 (7th Cir. 2009). *Cf.* ***Timms v. Frank***, 953 F.3d 281, 286 (7th Cir. 1992) (if plaintiff not prejudiced by failure to give required summary judgment notice for *pro se*, no reversible error); ***Cannon v. Burkybile***, 2002 WL 448988 *2 (N.D. Ill. March 22, 2002) ("Even if [*pro se*] plaintiff was not adequately informed about summary judgment procedures, defendants' motion could be ruled upon and if it were granted in whole or in part, any deficiency in providing the notice to plaintiff could be cured by thereafter providing the notice to plaintiff as well as an opportunity to file an additional response.").

essential element for which he will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Montgomery v. Am. Airlines, Inc.*, 626 F.3d 382, 389 (7th Cir. 2010). The movant need not provide affidavits or deposition testimony showing the nonexistence of such essential elements. *Celotex*, 477 U.S. at 324; *Freundt v. Allied Tube & Conduit Corp.*, 2007 WL 4219417 *2 (N.D. Ill. Nov. 29, 2007); *O'Brien v. Encotech Constr.*, 2004 WL 609798 *1 (N.D. Ill. March 23, 2004). Also, it is not sufficient to show evidence of purportedly disputed facts if those facts are not plausible in light of the entire record. *See Lorillard Tobacco Co. v. A & E Oil, Inc.*, 503 F.3d 588, 594-95 (7th Cir. 2007); *Yasak v. Ret. Bd. of Policemen's Annuity & Benefit Fund of Chicago*, 357 F.3d 677, 679 (7th Cir. 2004); *Lampley v. Mitcheff*, 2010 WL 4362826 *6 (N.D. Ind. Oct. 27, 2010). As the Seventh Circuit has summarized:

> The party moving for summary judgment carries the initial burden of production to identify "those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 978 (7th Cir. 1996) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548 (1986) (citation and internal quotation omitted)). The moving party may discharge this burden by "'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." *Celotex*, 477 U.S. at 325, 106 S. Ct.

2548.  Once the moving party satisfies this burden, the nonmovant must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).  "The nonmovant must do more, however, than demonstrate some factual disagreement between the parties; the issue must be 'material.'" *Logan*, 96 F.3d at 978.  "Irrelevant or unnecessary facts do not preclude summary judgment even when they are in dispute." *Id.* (citation omitted).  In determining whether the nonmovant has identified a "material" issue of fact for trial, we are guided by the applicable substantive law; "[o]nly disputes that could affect the outcome of the suit under governing law will properly preclude the entry of summary judgment." *McGinn v. Burlington Northern R.R. Co.*, 102 F.3d 295, 298 (7th Cir. 1996) (citation omitted).  Furthermore, a factual dispute is "genuine" for summary judgment purposes only when there is "sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249, 106 S. Ct. 2505 (1986).  Hence, a "metaphysical doubt" regarding the existence of a genuine fact issue is not enough to stave off summary judgment, and "the nonmovant fails to demonstrate a genuine issue for trial 'where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party . . . .'" *Logan*, 96 F.3d at 978 (quoting *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S. Ct. 1348 (1986)).

*Outlaw*, 259 F.3d at 837.

The parties agree that plaintiff bears the burden of showing he had an objectively serious medical need, Ghosh was aware of it, and Ghosh acted with deliberate indifference to the need. *King v. Kramer*, 680 F.3d 1013, 1018 (7th Cir.

2012).  For present purposes, Ghosh concedes that plaintiff's need for a lift was a serious medical need.  Also, it is undisputed that Ghosh was aware that plaintiff had a need for the lift.  It is also undisputed that on a number of occasions--in 2005, 2007, and 2010--Ghosh approved plaintiff receiving the shoe lift.  Plaintiff contends, however, that he did not actually receive the lift.  Ghosh contends plaintiff did receive the shoe lift and, if not, Ghosh was unaware that plaintiff was not receiving it or not responsible for him not receiving it.

Defendant provides copies of Stateville "Shoe Requisition Form Recommendation for Special Shoes" recommending a lift for plaintiff's right shoe that are signed off on by Ghosh as Medical Director and dated November 15, 2005 and January 18, 2007.  A prescription form for lifts is dated January 25, 2010 and signed by Ghosh.  Ghosh signed a medical permit dated December 23, 2010 for "Special Shoes 10D Black Oxford."  Lifts are not expressly mentioned.  On the Physical Disabilities/Limitations line of medical records from examinations at an outside facility dated March 8, 2010, October 31, 2010, and December 16, 2010, it is respectively written:  "Special shoe," "Wears Special Shoe," and "Wear special shoe."  Those forms are signed by a CN II, LP2,[2] and CN II.  These records show

_____

[2]It might be LPN; the handwriting is difficult to read.

that a lift was being prescribed and the October 31, 2010 medical record (if not the other two outside medical records as well) supports that plaintiff was actually wearing a special shoe.  The outside medical records, however, do not state what type of special shoe.  It is possible that a shoe with an orthotic insert would be listed as a "special shoe."

Plaintiff was deposed on October 26, 2011, after Ghosh had retired.  On that date, plaintiff initially answered that he was then wearing a lift.  Pl. Dep. 15. Ghosh cites this page of the testimony to support that plaintiff had actually received a lift.  That testimony, however, cannot be read in isolation from the testimony that immediately follows.  *Id.* at 16-17.  Plaintiff clarifies that the only time he received a lift was immediately after physical therapy, which apparently was the 2005 requisition, and that lift was the wrong size.  Plaintiff testified he never received a further lift while Ghosh was at Stateville.  He also clarifies that what he was wearing the day of the deposition was an orthotic insert providing arch support, not a lift that would be built on the outside of the shoe on the bottom.

Resolving all genuine factual disputes in plaintiff's favor for purposes of summary judgment, it must be taken as true that plaintiff never received the lift that was prescribed by Ghosh in 2007 and 2010.  But even taking that as true, it must

be shown that Ghosh was aware of this and acted with deliberate indifference either in not taking further action to ensure that plaintiff received the lift or by actively interfering with plaintiff receiving the lift. Plaintiff, however, points to no evidence of Ghosh's responsibilities beyond prescribing the lift. Moreover, plaintiff does not even show that Ghosh was aware plaintiff did not receive the lift.

In response to summary judgment, plaintiff provides a copy of a purported letter to Ghosh dated October 4, 2009. He also provides copies of grievances dated February 8, 2010 and September 23, 2010. Other documents provided by plaintiff are from after Ghosh's retirement and therefore are not a basis of showing the documents provided notice to Ghosh. Also, the statements of plaintiff contained in the later documents cannot be presented by plaintiff as evidence of the truth of the facts stated therein. Plaintiff provides no affidavit or declaration authenticating the 2009 letter and 2010 grievances or attesting to the documents being delivered.[3] *See* Fed. R. Evid. 901(b)(1); ***United States v. Papia***, 910 F.2d 1357, 1366 (7th Cir. 1990); ***Goodman v. YRC, Inc.***, 2013 WL 1180872 *7 (S.D. Ind. March 19, 2013); ***Wirey v. Richland Cmty. Coll.***, 913 F. Supp. 2d

_____

[3]Defendant objects to use of the documents which defendant contends were not timely disclosed. Since not authenticated, the disclosure issue need not be addressed.

633, 636 (C.D. Ill. 2012); *In re Ockerlund*, 2011 WL 249456 *3 (N.D. Ill. Jan. 25, 2011). Also, the grievances do not have the part of the form completed that would show they were received by a counselor or grievance officer, nor is the section completed that would show the grievance was processed. The documents submitted by plaintiff are insufficient to establish that Ghosh was aware that plaintiff had not received the lift. Plaintiff fails to show that Ghosh acted with deliberate indifference.

IT IS THEREFORE ORDERED that defendant's motion for summary judgment [39] is granted. Defendant Hardy is dismissed without prejudice for failure to serve. The Clerk of the Court is directed to enter judgment in favor of defendants and against plaintiff dismissing plaintiff's cause of action, with

individual capacity claims for monetary relief dismissed with prejudice and official

capacity claims for equitable relief dismissed without prejudice.


ENTER:


_____
UNITED STATES DISTRICT JUDGE


DATED:  AUGUST   28, 2013