IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GREGORY SCOTT WILSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 09 C 3956 |
| ) | |
| PARTHA GHOSH and MARCUS ) | |
| HARDY, Warden, ) | |
| ) | |
| Defendants. ) | |

## **OPINION AND ORDER**

Plaintiff Gregory Scott Wilson is incarcerated at Stateville Correctional Center. Defendant Partha Ghosh, M.D. was sued in his individual capacity. Ghosh is the former Medical Director at Stateville, having retired on March 31, 2011. Plaintiff alleged that defendant Ghosh acted with deliberate indifference to his serious medical needs by failing to provide a shoe lift for plaintiff's right leg, which is 2.5 inches shorter than his left leg. Defendant Ghosh's motion for summary judgment was granted and judgment was entered dismissing the case.[1] *See*

---

[1] Official capacity claims against another defendant were also dismissed. Plaintiff does not raise any issue regarding that defendant's dismissal. Further references to "defendant" are references to defendant Ghosh.

*Wilson v. Ghosh*, 2013 WL 4552305 (N.D. Ill. Aug. 28, 2013). Plaintiff timely moves for reconsideration.

It was held that plaintiff's medical needs claim failed because plaintiff did not show defendant acted with deliberate indifference. It was indicated that plaintiff failed to make such a showing because he did not show defendant's responsibilities went beyond providing a prescription for a lift, which defendant provided on a number of occasions. *See id.* at *3. Primarily, it was held that deliberate indifference was not shown because plaintiff failed to show defendant was aware that plaintiff had not received the lift that was prescribed by defendant. *See id.* Plaintiff's motion for reconsideration addresses the latter issue. Defendant does not argue that summary judgment should be upheld on the former ground. The only issue that will be addressed on reconsideration is whether there is a genuine factual dispute regarding defendant having knowledge that plaintiff did not receive the prescribed lift.[2]

---

[2]As to the responsibility issue, neither side presents evidence regarding the procedure for filling a shoe lift prescription nor defendant's specific responsibilities beyond issuing the prescription. At trial, plaintiff must meet his burden of showing that defendant had responsibilities regarding the filling of the prescription. To the extent defendant contends he did not have any such responsibilities or fulfilled them, he must present evidence countering any sufficient evidence that plaintiff presents.

Plaintiff now provides a declaration regarding a letter and two grievances.³ As to the letter, plaintiff states that it is "a letter I wrote." He does not state that he actually sent it. Plaintiff cites the mailbox rule for prisoner filings that is set forth in **Houston v. Lack**, 487 U.S. 266 (1988), and its progeny. Under that rule, the inmate is to state the date he deposited the document in the mail and that first-class postage has been prepaid. *See* **Hurlow v. United States**, 726 F.3d 958, 962 (7th Cir. 2013); **Jamison v. Franko**, 2013 WL 5166626 *2 n.2 (N.D. Ill. Sept. 13, 2013); *cf.* Fed. R. App. P. 4(c)(1); Rules Governing Habeas Corpus Proceedings R. 3(d). Under the common law mailbox rule, a properly addressed letter placed in the mail is presumed to be delivered and received. *See* **Madden v. Value Place Property Mgmt., LLC**, 2012 WL 3960416 *3 (N.D. Ind. Sept. 7, 2012); **Samuel Son & Co. v. Kinder Morgan Arrow Terminals, L.P.**, 2010 WL 4825666 *3 & n.2 (N.D. Ill. Nov. 18, 2010). Plaintiff does not expressly state that

---

³Counsel received the declaration after plaintiff's answer to summary judgment was filed but before defendant filed his reply. While plaintiff could have and should have supplemented his answer prior to defendant's reply, the declaration will presently be considered. Also, contrary to plaintiff's present contention, defendant did raise the "authentication" issue that is addressed in the ruling on summary judgment. While defendant did not use the word "authenticate," he objected that there was no showing that the letter or grievances were sent or submitted or that defendant was aware of them. That is the authentication issue addressed in the ruling.

he deposited, mailed, or otherwise delivered the letter. However, drawing all reasonable inferences in plaintiff's favor, it will be inferred that by saying he wrote the letter, he also meant that he sent it. Presumably, it was sent by an internal mail system not necessarily requiring any postage nor a detailed address. It will be inferred that defendant received the October 4, 2009 letter and therefore was aware that plaintiff had not received his lift as of that date. At trial, it is expected that plaintiff will provide adequate testimony supporting that he sent the letter.[4]

As to the two grievances, plaintiff does state that he submitted them. Although there are no markings on the copies provided indicating that the grievances were processed, it will be taken as true that they were submitted. Grievances, however, are not submitted directly to a doctor that an Illinois inmate is complaining about. Also, the treater involved is not necessarily consulted when a grievance is investigated. *See, e.g.*, **Gaddis v. Walker**, 2010 WL 1416847 *9 (C.D. Ill. March 31, 2010) (grievance counselor contacted Director of Nursing who reported what the medical records showed). On summary judgment, however, all

---

[4]Plaintiff also points to statements in plaintiff's two grievances that he sent letters to defendant. The statements in the grievances, however, are not under oath. They may not be considered for the truth of the matters stated, only as possible evidence that defendant received notice of the grievances' contents. At trial, plaintiff could provide testimony regarding additional letters he sent.

reasonable inferences are drawn in plaintiff's favor so it is inferred that defendant was contacted regarding both grievances and thus made aware that plaintiff had not received his lift as of those dates. At trial, it is expected that the parties will provide testimony regarding the grievance procedure.

A genuine factual dispute exists that defendant was aware that plaintiff was not receiving the prescribed lift and failed to take action to provide the lift. The judgment will be vacated. Prior to the next status hearing, the parties shall discuss how this case should proceed, including whether it can be resolved by settlement and, if not, how it can be resolved in a more economical manner. If not settling, the parties shall discuss the possibility of trial before a magistrate judge and whether a trial would be possible without a full pretrial order.

IT IS THEREFORE ORDERED that plaintiff's motion to alter judgment [51] is granted. The judgment previously entered is vacated and this case is reinstated. A status hearing is set for December 5, 2013 at 2:00 p.m.

ENTER:

_____
UNITED STATES DISTRICT JUDGE

DATED: OCTOBER 29, 2013